# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **HUNTSVILLE GOLF** }<br>**DEVELOPMENT, INC.,** }<br>}<br>   **Plaintiff,** }<br>} **Case No.:  5:13-cv-00870-MHH**<br>**v.** }<br>}<br>**ESTATE OF ROBERT BRINDLEY,** }<br>**SR., et al.,** }<br>}<br>   **Defendants.** } | |

## MEMORANDUM OPINION AND ORDER

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, plaintiff Huntsville Golf Development, Inc. (HGD) asks the Court for leave to amend its original complaint.  (Doc. 90).  The Court denies HGD's motion to amend because the proposed amendment would be futile.

## I.     PROCEDURAL BACKGROUND[1]

In its original complaint, HGD asserted claims for: (1) breach of contract against the Estate of Robert Brindley, Sr. (through executors Ronald Brindley and Richard White); (2) tortious interference with contract by Whitney Bank and Jeffery Brindley (an heir of Robert Brindley, Sr.); (3) fraud and deceit against the Brindley Estate; (4) unjust enrichment against the Brindley Estate and Whitney

---

[1] The Court adopts the factual background presented in its memorandum opinion granting in part and denying in part the defendants' motions to dismiss.  (Doc. 56, pp. 6–13).

Bank; and (5) civil conspiracy against the Brindley Estate, Whitney Bank, and Jeffery Brindley.  (Doc. 1).[2]  In addition, HGD asserted claims for breach of contract, fraud and deceit, and unjust enrichment against an alleged partnership between the Brindley Estate and Whitney Bank (Whitney/Brindley partnership).  (*See* Doc. 1, ¶¶ 81, 88, 94; *see also* Doc. 56, pp. 26–28).  Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the defendants moved to dismiss HGD's complaint for failure to state a claim upon which relief can be granted.  (Docs. 11, 13).

On September 29, 2015, the Court granted in part and denied in part the defendants' motions to dismiss.  (Doc. 56).  The Court dismissed HGD's claims for tortious interference with contract, fraudulent suppression, and unjust enrichment.  (Doc. 56, pp. 20–21, 23, p. 25 n. 6).  The Court also dismissed all of HGD's claims against the Whitney/Brindley partnership.  (Doc. 56, p. 28).  The Court reasoned that, because the partnership did not exist during the settlement negotiations between HGD and the Brindley Estate, the partnership could not have committed fraud with respect to those settlement negotiations.  (Doc. 56, p. 27).  In addition, the Court reasoned that the Whitney/Brindley partnership could not be liable for breach of contract regarding the settlement agreement between HGD and the Brindley Estate because the partnership was not a party to the agreement.

---

[2] HGD's fraud claim included a claim for fraudulent suppression.

(Doc. 56, pp. 27–28).  The Court denied the defendants' motions to dismiss with respect to HGD's claims for breach of contract against the Brindley Estate, fraud and deceit against the Brindley Estate, and civil conspiracy against the Brindley Estate, Whitney Bank, and Jeffery Brindley.  (Doc. 56, pp. 19, 25, 26).

In its proposed amended complaint, HGD re-asserts its claims for breach of contract, fraud and deceit, and fraudulent suppression against the Whitney/Brindley partnership.  (Doc. 90, ¶ 14; Doc. 90-1, ¶¶ 71–82).  HGD also re-asserts its claim for fraudulent suppression against the Brindley Estate.  (Doc. 90-1, ¶¶ 80–81).  HGD contends that its proposed amended complaint contains new allegations "based on the documents produced by the [d]efendants since the case was filed, including those produced [after the Court granted HGD's motion to compel]."  (Doc. 90, ¶ 14).

On this record, the Court considers HGD's motion for leave to file a first amended complaint.

## II.   DISCUSSION

A plaintiff who wishes to file an amended complaint more than 21 days after the complaint was served on the defendant must obtain the written consent of opposing counsel or permission from the Court.  *See* FED. R. CIV. P. 15(a)(2).  The Court must "freely give leave [to amend] when justice so requires."  *Id.*  However, the Court may deny a motion to amend if the amendment would be futile.  *See*

3

*Maynard v. Bd. of Regents of Div. Univs. of Fla. Dep't of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003). An amendment is futile if "the complaint as amended is still subject to dismissal." *Brooks v. Warden*, 800 F.3d 1295, 1300 (11th Cir. 2015) (citations and internal quotation marks omitted).

With respect to its claims against the Whitney/Brindley partnership, HGD's proposed amended complaint is futile. In its order dismissing HGD's claims against the partnership, the Court considered HGD's allegations that the Brindley Estate and Whitney Bank were discussing a plan to pursue the settlement proceeds while HGD and the Brindley Estate were negotiating the terms of the settlement agreement. (Doc. 56, pp. 9–10). The Court explained that, because the discussions between the Brindley Estate and Whitney Bank did not result in an agreement until four days after HGD and the Brindley Estate executed the settlement agreement, no partnership existed during the settlement negotiations. (Doc. 56, p. 27). Thus, the Court concluded, HGD failed to state a plausible claim against the partnership for any acts the partnership allegedly committed in connection with the settlement negotiations. (Doc. 56, p. 57).

In its proposed amended complaint, HGD does not supplement or revise its allegations regarding the partnership in any meaningful way. HGD introduces the term "verbal partnership" to describe the nature of the Brindley Estate's relationship with Whitney Bank during the settlement negotiations. (*See, e.g.,*

Doc. 90-1, ¶ 54).  However, such a label, applied to previously alleged facts, is insufficient to satisfy the pleading requirements of Rule 8(a)(2).  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions.") (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration provided by *Twombly*).  HGD contends that newly produced evidence shows that the Brindley Estate and Whitney Bank were represented by a single attorney while HGD and the Brindley Estate were negotiating the settlement agreement.  (Doc. 103, pp. 6–7).  The Court disagrees with HGD's contention that this circumstantial evidence is sufficient to resurrect HGD's claims against the partnership.

HGD has had several prior opportunities to plead facts sufficient to state a claim against a partnership between the Brindley Estate and Whitney Bank, but HGD has not succeeded.  (*See* Doc. 56, pp. 26–27; Doc. 96, p. 16).  Because, as amended, HGD's proposed amended complaint is still subject to dismissal, the Court denies HGD's motion to amend its complaint with respect to its claims against the Whitney/Brindley partnership.  *See Brooks*, 800 F.3d at 1300.

HGD's proposed amended complaint is also futile with respect to the company's claim for fraudulent suppression against the Brindley Estate.  Under Alabama law, a claim of fraudulent suppression requires the plaintiff to show that

the defendant suppressed a material fact which it had a duty to disclose. *See* ALA. CODE § 6-5-102 (1975). The Court previously dismissed HGD's fraudulent suppression claim for failure to state a claim upon which relief can be granted, and HGD has alleged no new facts concerning the Estate's alleged duty to disclose its negotiations with Whitney Bank. (*See* Doc. 56, p. 25 n. 6). Rather, HGD alleges that the Brindley Estate "had a duty to disclose to HGD that it was engaging in negotiations with Whitney Bank to subvert the [s]ettlement [a]greement." (Doc. 90-1, ¶¶ 80–81). HGD's conclusory allegation that the Brindley Estate had such a duty is insufficient under *Twombly*. *See Twombly*, 550 U.S. at 555 ("[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") (quoting *Papasan*, 478 U.S. at 286). With respect to its claim for fraudulent suppression against the Brindley Estate, HGD's complaint as amended is still subject to dismissal, and amendment is therefore futile.

## III. CONCLUSION

For the reasons stated above, the Court **DENIES** HGD's motion to amend. The Court asks the Clerk to please **TERM** Doc. 90.

**DONE** and **ORDERED** this December 16, 2016.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE